Oakley J.
The first count of the declaration in this case, sets forth a charter-party, whereby the defendant stipulated, that the brig Champion, of which he was the owner, should perform a voyage from New-York to Omoa, and back to New-York.. The count avers a performance of the covenants contained in the charter-party, on the part of the plaintiff, and then assigns, as a breach of the defendant’s covenant, that the said vessel did not proceed to the port of Omoa, but put into Norfolk, and that the defendant did not"despatch her on the said voyage, but neglected and refused to do so, contrary to the effect of the charter-party.
To this count, there was a special plea, which admits the charter-party, the lading of the cargo on board, the setting sail of the brig on the voyage, and her putting into the port of Norfolk, as stated in the count; but avers, that the vessel w:as so much damaged by the perils of the sea, that it became necessary for the safety of the cargo and crew, that she should put into the nearest port, and that she did put into Norfolk as a port of necessity; that while there she was examined, to ascertain the repairs necessary to be made, to enable her to proceed on the-voyage; that it was found necessary for the benefit of all concerned, that she should be sold, and that she was accordingly sold, and that “ so, and not otherwise, the “ voyage aforesaid, from New-York to Omoa, was, by the mere “ perils of the sea, broken up and prevented ;” without this, that the said vessel ought to have proceeded from Norfolk, on her said voyage, and that the defendant ought to have despatched her on the voyage, and that he neglected and refused so to do, &c.
To this plea, the plaintiff replied, and admitted the injury to the vessel, by the perils of the sea, and her putting into Norfolk as a port of necessity, and that the voyage was there broken up and prevented, but averred, that “ the said voyage was not broken up “ and prevented by the mere perils of the sea, and not otherwise,” in manner and form, as alleged by the defendant, without this, that *398 the vessel was examined at Norfolk, to ascertain the repairs necessary to enable her to proceed, and it was found necessary to sell her, and that she was sold as alleged by the defendant, and concluded to the country.
At the trial of the cause, the Judge held that the issue joined by these pleadings was upon the fact, whether the voyage in question was broken up and prevented by the mere perils of the sea, and that it involved necessarily the inquiry, as to the seaworthiness of the vessel. The defendant now contends, that the issue really joined, was embraced in the allegation contained in the formal traverse in the replication, to wit, whether it was found necessary, upon an examination of the vessel at Norfolk, for the interest of all concerned, to sell her, and whether she was sold accordingly, and that by the state of the pleadings, the seaworthiness of the vessel was admitted by the plaintiff. If the position of the defendant is correct, it is clear, that the issue joined is not only an immaterial one, but that there has been no trial of it, and that the present verdict cannot stand.
It seems to be a well settled rule in pleading, that “ where a “ material point alleged by one party, is fully confessed and avoided,—that is, when the other party sets up a matter consistent with “ such allegation, but which if true is an answer to it, then he “cannot also traverse it.” [1. Saund. 22. n. 2.] In the case now before us, the material allegation in the declartion, assigningthe breach of the defendant’s covenant is, that the vessel did not proceed to Omoa. The defendant’s plea admits the fact, but sets up by way of avoidance, a number of circumstances, all resulting in the general and precise allegation, that the voyage was broken up and prevented by the mere perils of the sea. After thus admitting the actual breach of the covenant, as set forth in the declaration, and setting up a ground of legal excuse for such breach, it was not competent for the defendant, in any special traverse, to question the fact of such breach. Nor do I consider the plea of the defendant as in truth doing so. The special or formal traverse avers, that the vessel ought not to have proceeded on the voyage to Omoa, and that the defendant ought not to have despatched her on such voyage. These averments are clearly matters of law, and are *399 not under any circumstances traversable, and must be rejected altogether.
It is further averred, that the defendant did not neglect and refuse to despatch the vessel on her voyage. This allegation is not in terms inconsistent with the fact before stated, that the vessel did not proceed to Omoa, but that the voyage was broken up at Norfolk. It in truth amounts to nothing more than saying, that the defendant did not neglect or refuse to despatch the vessel, because he was released from the obligation to do so, in consequence of the injury sustained by the perils of the sea. If the averment is to be considered as equivalent to an allegation, that the vessel did proceed on her voyage to Omoa, then it is entirely repugnant to, and inconsistent with the previous averments of the plea. The whole plea is founded on the admitted fact, that the voyage was not performed, and the defence is rested' on the ground that there was a legal and sufficient excuse for not performing it. I consider the averment, that the defendant did not refuse to despatch the vessel, after admitting that the voyage was broken up at Norfolk, and assigning the fact of sea damage as the reason for breaking it up, as altogether immaterial, and rendered senseless and unmeaning.
The rule is, that the inducement to a special traverse is not in general traversable, yet when the special traverse is not to the point, or substance of the action, or in other words, is immaterial, the other party may pass it by, and traverse the inducement. [Arch. on Pl. 208.] This rule seems to be exactly applicable to the present case. The averment contained in the special traverse, that the defendant did not refuse to despatch the vessel,.presented no sensible or material issue to the opposite party, and there could have been no trial, ón such an issue, of the merits of the case, to wit, of the sufficiency of the excuse of the defendant, for breaking up the voyage.' Under such circumstances, it was proper for the plaintiff to- pass by that averment, and take issue on any fact alleged in the inducement, which involved, the whole ground of the defence. The fact was, that the voyage was broken up by the mere perils of the sea; on that the *400 plaintiff has taken a precise and formal issue, but has added to the - replication, without any necessity or object, as far as I can discern, a special traverse, denying the fact alleged in the inducement to the plea, that the vessel was examined at Norfolk, and that it was found necessary to sell her, &c. This special traverse is manifestly as unnecessary and immaterial, as that contained in the plea. It could form no issue upon the merits of the controversy, for-it could never have been determined on such an issue, whether the necessity for selling the vessel, arose from sea damage only, or from that and unseaworthiness combined, and a verdict on an issue so framed, would have decided nothing. This special traverse, therefore, in the replication, being informal and immaterial, may be disregarded.
Neither party having demurred-to the pleadings of the other, on the ground of informality or repugnance, it is the duty of the court to look at the record as it stands, and ascertain, whether any material issue appears upon it, and if such a one is found, to confine the parties to it on the trial, rejecting all immaterial averments. I think the Judge in the present case, was correct in considering the special traverse, both in the plea and replication, as informal and immaterial, and in confining his attention to the only fact stated in the plea, and put in issue by the replication, which fairly opened the door, for a full investigation of the merits of the controversy between the parties.
I have not thought it necessary to examine the question, as to the fourth special plea, (which is to the second count of the declaration,) and the replication to it. If my view of the issue, under the pleading to the first count, is correct, the verdict being general, and the evidence in the case applicable to it, the plaintiff is entitled to judgment, although no issue, or an immaterial one, was joined under the fourth plea.
The second principal point involved in the case, relates to the rule of damages. It is contended, by the plaintiff, that he is entitled to recover the difference between the prime cost of the goods at New-Yorlc, and the net value of them at the port of destination. The defendant contends, that the true rule, is the difference *401 between the prime cost at New-York, and the net amount, for which the goods were actually sold at Norfolk, after the voyage was broken up.
In Watkinson v. Laughton, [8 J. R. 213,] there was an action of assumpsit on a bill of lading, signed by the defendant as master of the ship. The goods were shipped at Liverpool for New-York} and on the arrival of the vessel, it was found that a part of the goods had been embezzled, but without any fault on the part of the captain. It was contended by the defendant, that the true rule of damages, was the invoiceprice of the goods. The plaintiff claimed their value at New-York. The court held, that the defendant must answer for the goods, according to their clear net value at New-York, and they say, that this rule is in furtherance of the policy of the marine law, which holds the master responsible as a common carrier, and Spencer J. remarked, that the policy of the law, in like cases, in making the master liable, is to induce him to employ honest men in his service.
In Amery v. M'Gregor, [15 J. R. 24,] the action was assumpsit, on a contract to transport goods from Liverpool to New-Orleans. The court, in that case, recognized the rule of damages adopted in Watkinson v. Laughton, and sustained the verdict of the jury, which gave the plaintiff eighty per cent, advance, on the invoice prices of the goods, being the value of like goods at New-Orleans. In Brachett v. M'Nair, [14 J. R. 170,] the defendant agreed to forward, for the plaintiff a quantity of salt from Oswego to Queenston. He failed to perform the contract, and the rule of damages, was the difference between the value of the salt at Oswego and at Queenston, and the court say, that such a rule was no more than giving an indemnity to the plaintiff, for the injury sustained. In these cases, the Supreme Court seem to have settled the rule, which must govern us in the present instance. The contract in the case now before us, was, that the vessel should proceed to Omoa, and there deliver her cargo. That was the place to which both parties looked for the completion of the contract, and the direct injury sustained by the plaintiff, was the loss of the increased value of the goods at their destined port. I am unable to distinguish this case, in principle, from those above cited.
*402 3. The defendant also contends, that the proof in the case showy, that the goods laden on board of the brig, under the charter-party, were the property of one Living, and not of the plaintiff, and that there can be no recovery, by the plaintiff, for damages sustained by the failure of the defendant to transport these goods to Omoa. This point was formerly before us, in this cause, on a demurrer to a plea, setting up the ownership of Living in the goods, and presenting the question directly, whether the present plaintiff could sustain an action, on this charter-party, for the benefit of Living. We held that he could. The point having been adjudged in this court, must be considered as disposed of here. If it were otherwise, the question could never arise in the form in which the defendant now presents it. The lading of the cargo on board, by the plaintiff under the charter party, is averred in the declaration, and the fact is admitted in terms by the plea. It would not be competent, under such a state of the pleadings, for the defendant to set up or prove, that the plaintiff had no interest in the cargo.
4. It is also contended, that the verdict is against the weight of evidence. On this head it is sufficient to remark, that there was much conflicting proof, all of which was'fairly submitted to the jury, and it is, therefore, a case in which their verdict ought to conclude the parties.
5. The defendant also moves for a new trial, on the ground of newly discovered evidence. Without remarking on the singular circumstance, that the witness, by whom the newly discovered evidence is to be given, did not disclose the facts now sworn to be within his knowledge, at the trial, when he was called to give his opinion as to the state and condition of the vessel, it is sufficient to say, that the evidence which is said to be newly discovered,is strictly cumulative, and cannot, therefore, upon the authority of numerous cases, decided by the Supreme Court, be the ground of granting a new trial.
That part of the foregoing opinion, which relates to the rule of damages, was the opinion of Judge Oakley merely, and not that of the court. The court gave judgment, in favor of the plaintiff, for 1000 dollars, being the difference between the actual sales *403 and ’the invoice price of the goods, the loss of the market at Omoa, being deducted from the verdict of the jury. The loss on the sale of the goods, at Norfolk and New-York, was considered as the true rule as to damages, upon the ground that there was no fault or fraud, on the part of the defendant, from which the loss arose, and that the case shows only a breach of the implied warranty of seaworthiness.
Judgment in favor of the plaintiff for 1000 dollars.
[A. G. Rogers, Att'y for the plff. J. L. Mason, Att'y for deft.]
Note.—See Rogers v. Niagara Ins. Co. ante. p. 86.